## Case No. 14,438.

### UNITED STATES v. AMANN et al.

[1 Cin. Law Bul. 13.]

Circuit Court, S. D. Ohio. 1876.

INTERNAL REVENUE—RECTIFIERS AND WHOLESALE
LIQUOR DEALERS—ENTRIES IN BOOKS—WHO
MAY MAKE—OMISSIONS.

1. The entries required to be made by section 3318 of the Revised Statutes of the United States by rectifiers and wholesale liquor dealers in the government books may be made by the clerks of the dealers.

2. The dealers in that case are charged with the duty of seeing that the entries are properly made. and if by their want of care the entries are omitted, they are liable for such neglect.

3. To render the party liable under this section for neglect, it must appear that the entries were omitted through carelessness or design, and not by pure accident.

4. The same rules applied to the making of notices of rectification.

[This was an indictment against Edmund, Anthony, and Daniel Amann.]

W. M. Bateman, U. S. Dist. Atty., C. Richards, and A. Dyer, for the Government.

W. M. Ramsey and Col. Moulton, for defendants.

SWING, District Judge. The defendants are rectifiers and wholesale liquor dealers, and were indicted under section 3318 of the Revised Statutes of the United States for unlawfully neglecting to make in their government book the entries required by such section, in relation to the spirits shipped by them, and also under section 3451 of said Statutes for executing false notice of rectification. Upon the trial of the cause it was shown that the entries required by the statute in two or three instances were not made, and that in two instances notice of intention to rectify had been given in relation to two lots of spirits, a portion of which had not been rectified. This was admitted by the defendants, but they claimed they had placed a competent bookkeeper in charge of that branch of their business. who made the entries in the government book, and who prepared the notices for rectification; and that the omission to make the entries was without design, and purely accidental; and that, after the giving of the notices of rectification they had disposed of a portion of the spirits without rectifying, which by like accident they had failed to erase from their notices; and that on all the spirits in each case the tax had been fully paid, and no loss resulted to the government from such mistakes. Upon this state of facts, the court holds that, in order to constitute the offense of neglecting to make the entries, there must not only be an omission to make the entries,. but the omission must be in consequence of carelessness or design. The word in the statute is "neglect," which signifies, "To omit by carelessness or design; to omit proper attention; to forbear discharge of duty; to be without care." This statute does not compel the dealer to make these entries, or prepare these notices, with his own hand. He may employ the hands of another to do it; but if he does so, he is not thereby discharged from liability. He is bound to exercise due care in the conduct of his business, and if he intrusts his work to an employé, he must see that the latter does it properly. The law imposes upon them the duty, and they must see that it is done; and they are called upon to exercise a high degree of care in the conducting of their business, and see that all the requirements of the law are complied with.

As a general rule of law, the principal is responsible for the acts of the agent, in and about the business of his principal, while engaged therein, and the supreme court of the United States have said: "That whatever is said or done by the agent in reference to the business in which he is at the time employed, and within the scope of his authority—is said or done by the principal, as may be proved as well in criminal as in civil cases, in all respects as if the principal were the actor or the speaker." American Co. v. U. S., 2 Pet. [27 U. S.] 362; Cliquot's Champagne, 3 Wall. [70 U. S.] 114. This doctrine may be considered somewhat modified by the opinion in the case of Stockwell v. U. S., 13 Wall. [80 U. S.] 531.. I will not say that the principal is liable for the criminal acts of the agent; but where the law imposes upon the principal a duty, and he employs an agent to do it, he is bound to see that it is fully performed, and if, through the carelessness or neglect of the principal, it is not performed, he is responsible. If the omission of the clerk to make the entries was the result of the want of due care or design on the part of the defendants, they would be guilty of a violation of the law. If, however, the defendants gave due care, and used every reasonable effort to make the entries required, and had done so regularly and properly for years, it is for the jury to determine whether this omission was by neglect or by accident. If purely accidental. the defendants should not be responsible. The same rule of law. as given in respect to the omission to make the entries in the government book, were given in relation to the false notices of rectification.

Verdict of not guilty.